IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL LEE CALLEGARI,

    Plaintiff,                    No. CIV S 06-0399 DFL DAD P

    vs.

DIRECTOR OF DEPARTMENT OF
CORRECTIONS WOODWARD, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff alleges that prison officials at Salinas Valley State Prison refused to make photocopies of his amended complaint so that he could comply with a court order requiring him to provide documents for service of process in a previously filed case.[1] One of the defendants in this action is former CDC director Jeanne Woodford, erroneously sued by plaintiff as defendant Woodward. All remaining defendants were employed at Salinas Valley State Prison.

---

[1] The present case was the ninth filed by plaintiff in this court. Four days after bringing this action, plaintiff filed two additional cases.

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  Pursuant to the screening requirement, the court must dismiss claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Similarly, when a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  Claims should be dismissed for failure to state a claim on which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For screening purposes, the court accepts as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was brought provides as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any

> citizen of the United States or any person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 requires that there be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff alleges facts concerning his attempts to obtain two photocopies of his second amended complaint for submission in Callegari v. Cambra, et al., case No. CIV S-03-2419 FCD DAD P. Plaintiff's efforts involved four librarians and a library officer at Salinas Valley State Prison. With regard to defendant Woodford, plaintiff alleges only as follows:

> The warden M.S. Evans and the director knows about the problems
> and refuse to do anything at all about these problems but to put it
> off on each other and both refuse to take care of these problem the
> director and warden M.S. Evans failure to act when they know of a
> constitutional violation they are liable!
>
> . . . .

> Warden M.S. Evans and Director Woodward [sic] refuse to stop the retaliation and the discrimination which as [sic] been a on going thing!  I was hurt by these action of the staff and I had a case drop because of the staff action.

(Compl. at 6 & 8.)

Defendant Woodford holds a supervisorial position and is not liable under § 1983 for the actions of individual CDC employees under a theory of <u>respondeat superior</u>.  Plaintiff's vague and conclusory assertions about the defendant's knowledge and failure to act lack factual support[2] and are inadequate to establish a specific causal link between defendant Woodford and the claimed violations of federal rights.  Plaintiff's claims against defendant Woodford are both factually and legally frivolous and fail to state any claim on which relief can be granted.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Although the plaintiff in this action named one defendant who resides in the Eastern District of California, the claims alleged against that defendant are legally and factually frivolous.  All remaining defendants reside in Monterey County, and all of the events and omissions that gave rise to plaintiff's claims occurred in Monterey County.  Plaintiff's action should have been filed in the United States District Court for the Northern District of California.

/////

/////

---

[2] Plaintiff's exhibits reveal that the director's level decision on his inmate appeal was signed by D.L. Porter for N. Grannis, Chief of the Inmate Appeals Branch.  (Compl. at 9.)  There is no indication that defendant Woodford had any involvement with plaintiff's problems.

4

The undersigned takes judicial notice of other civil rights actions brought by plaintiff in this district.³ In a civil rights action filed in this court in 1999, plaintiff was advised of federal venue requirements, and his case was transferred to the United States District Court for the Northern District of California because none of the defendants resided in the Eastern District of California and the claim arose in Monterey County. (See Callegari v. Lustman, et al., case No. CIV S-99-1570 GEB JFM P, Order filed Sept. 1, 1999, at 1-2.) In a second civil rights action filed in this court in 1999, plaintiff was advised of the pleading requirements for claims against supervisorial defendants, and the magistrate judge recommended that plaintiff's claims against the director of the CDC be dismissed for failure to allege facts supporting any theory of liability other than that of respondeat superior. (See Callegari v. Hickman, et al., case No. CIV S-99-1685 WBS JFM P, Findings & Recommendations filed Sept. 14, 2000, at 5-6, adopted in full Oct. 16, 2000.) In a civil rights action filed in this court in 2001, plaintiff alleged claims against the CDC director and claims against defendants in the Northern and Eastern Districts of California; plaintiff was again advised of federal venue requirements and the requirements for alleging claims against supervisorial defendants. (See Callegari v. Cambra, et al., case No. CIV S-01-0566 FCD KJM P, Order filed June 26, 2001, at 3-4.) In a civil rights action filed in this court in 2003, plaintiff was advised twice more, first in an order and then in findings and recommendations, about the requirements for alleging claims against supervisorial defendants. (See Callegari v. Cambra, et al., case No. CIV S-03-2419 FCD DAD P, Order filed May 20, 2004, at 2-3; Findings and Recommendations filed Sept. 24, 2004, at 2-3, adopted in full Nov. 12, 2004.)

Plaintiff, despite having been advised repeatedly of the pleading requirements that apply to supervisorial defendants, has filed a complaint that fails to state a claim against the only defendant who resides in this district. Plaintiff, despite having been advised repeatedly of venue

---

³ A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

requirements, filed this case in the Eastern District of California although his claims arose in Monterey County, which is in the Northern District of California.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis be denied;

2. Plaintiff's claims against defendant Woodford, sued as defendant Woodward, be dismissed with prejudice as legally and factually frivolous and for failure to state a claim upon which relief can be granted; and

3. Plaintiff's claims against all other defendants be dismissed without prejudice to filing an action in the district court where venue is proper.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
call0399.56